## STATE OF CONNECTICUT *v.* CLIFFORD A. HINKLEY

REVIEW DIVISION OF THE SUPERIOR COURT

Decided November 21, 1963

*Clifford A. Hinkley,* the defendant, pro se.

*Allyn L. Brown, Jr.,* state's attorney, for the state.

BY THE DIVISION. On June 25, 1963, the defendant, age twenty-two, pleaded guilty to three counts of risk of injury and two counts of indecent assault. He was sentenced to state prison for a term of not less than one and a half years and not more than two years on the first count and one year on each of the other four counts, making an effective sentence of not less than one and a half years and not more than six years in state prison. The penalty provided for injury or risk of injury to children is a fine of $500 or imprisonment for not more than ten years or both. General Statutes § 53-21. The penalty provided for indecent assault is imprisonment for not more than ten years. § 53-217.

Pedophilic proclivities and homosexual activities of long standing were freely admitted in the plea made by Hinkley. He was, he said in effect, neither looking for a shorter sentence nor asking that he be placed in a jail with lesser limitations but instead he was looking for help, medical or psychiatric,

asserting that this was not forthcoming in prison. The psychiatric evaluation available to the court at the time of sentence declared that Hinkley had no real interest in receiving psychiatric help and that he was a menace to society. The most recent diagnostic summary completed at Norwich Hospital after his admission there on April 2, 1963, concludes: "He is not particularly anxious about his sexual deviated personality and tends to rationalize his behavior with teen age boys by saying that if they were not around him he would not get into difficulties, however, he seems to manage to 'accidentally' arrange his affairs so that young boys will be associated with him."

The limited function of this division does not include authority or power to accommodate Hinkley in the oral request which he has made before us. General Statutes § 51-196. Even should there be an absence of a completely agreeable place of confinement and one of a more beneficial nature, with rehabilitation in mind, this would not justify a lighter sentence and resultant earlier release to the detriment of society, particularly the impressionable young. The theory of self defense by the public has in mind society's right to protection from attack and harm by those who imperil its standard of morality, decency and welfare. The need is more urgent when the objects of such protection are but children. However, the means employed, whatever they are, must be reasonable.

Considering the written application as filed with relation to its original tenor and the claimed severity of sentence, the record and report clearly establish the fairness and propriety of the sentence sought to be reviewed. It must stand.

BOGDANSKI, LOISELLE and MEYERS, Js., participated in this decision.